**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2012**

JAMES RIVER EQUIPMENT, VIRGINIA, LLC, a Virginia Limited Liability
Company,

Plaintiff - Appellee,

v.

JUSTICE ENERGY COMPANY INC., a West Virginia Corporation,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at
Beckley.  Irene C. Berger, District Judge.  (5:13-cv-28160)

Submitted: June 19, 2017                           Decided:  July 11, 2017

Before WILKINSON, FLOYD, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Richard L. Gottlieb, Ramonda C. Lyons, LEWIS, GLASSER, CASEY & ROLLINS,
PLLC, Charleston, West Virginia, for Appellant.  Jason S. Hammond, BAILEY &
WYANT, PLLC, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justice Energy Company Inc. ("Justice Energy"), appeals the district court's order imposing contempt fines and its subsequent order denying Justice Energy's motion to alter or amend. Justice Energy contends that the nature of the contempt is criminal rather than civil. We conclude that the contempt is civil. The district court plainly designed the imposition of the per diem fine to coerce Justice Energy's compliance with the district court's discovery order, a purpose consistent with one of the primary aims of civil contempt. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-29 (1994).

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Because the contempt here is civil in nature, we lack jurisdiction to consider this interlocutory appeal. *See Consolidation Coal Co. v. Local 1702, United Mineworkers of Am.*, 683 F.2d 827, 830 & n.3 (4th Cir. 1982) ("A civil contempt proceeding is in effect a continuance of the main action and therefore a party to a suit may not review upon appeal an order fining or imprisoning him for civil contempt except in connection with appeal from a final judgment of the main claim." (alterations and internal quotation marks omitted)). Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

2